IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCIS J. DEVITO, ESQUIRE,<br><br>                            Plaintiff,<br>                -v-<br><br>HARTFORD INSURANCE<br>COMPANY OF THE MIDWEST,<br><br>                            Defendant. | Case No. |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Hartford Midwest Insurance Company ("Hartford") hereby removes this action to this Court from the Superior Court of New Jersey, Law Division, Bergen County pursuant to 28 U.S.C. §§1332, 1441 and 1446. In support of this Notice of Removal, Defendant states as follows:[1]

**I.      This Court Has Jurisdiction Under 28 U.S.C. §§ 1332 and 1441.**

1.      Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the named parties are as follows:

- Plaintiff Francis J. DeVito alleges in the Complaint that he is an attorney at law with his principal place of business at 250 Moonachie Road, Moonachie, New Jersey 07074. Plaintiff represents himself.

- Defendant Hartford's address is 501 Pennsylvania Parkway, Suite 400, Indianapolis, Indiana 46290.

2.      Removal of this lawsuit is authorized by 28 U.S.C. §1441(a) because this Court has original jurisdiction over this civil action under 28 U.S.C. § 1332.  This Court has original

---

[1] Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's rights to assert any defense, including, but not limited to those defenses available under Rule 12 of the Federal Rules of Civil Procedure or otherwise.

1

jurisdiction over the subject matter of this action under 28 U.S.C. §1332(a)(1) because this action is between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3. On or about May 4, 2020, Plaintiff filed a civil action against Defendant in the Superior Court of New Jersey, Law Division, Bergen County, captioned *Francis J. DeVito, Esquire v. Hartford Insurance Company of the Midwest*, BER-L-2636-20. The action seeks declaratory relief regarding Defendant's obligations under the policy of insurance between Defendant and Plaintiff (the "Policy"). The action also asserts a breach of contract claim against Defendant.

4. Attached hereto as Exhibit A are legible copies of all process, pleadings, documents, and orders which have been served upon Defendant.

5. A copy of this Notice of Removal has been provided to the Clerk of Court for the Superior Court of New Jersey, Law Division, Bergen County and to Plaintiff, pursuant to 28 U.S.C. § 1446(b).

6. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as a district or division embracing the place where the state action is pending.

    A. <u>The Parties are Citizens of Different States</u>.

7. Defendant is incorporated in Indiana and has its principal place of business in Connecticut. Hartford is therefore a citizen of Indiana and Connecticut. *See* 28 U.S.C. § 1332 (c)(1).

8. Plaintiff alleges that he is a "New Jersey Attorney at Law" and that his law office is located in New Jersey. Compl. ¶ 1. On information and belief, Defendant asserts that Plaintiff is domiciled in New Jersey and is thus a citizen of New Jersey for purposes of diversity

jurisdiction. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 182 (3d Cir. 2008). Therefore, the parties are citizens of different states.

      B.  <u>The Amount in Controversy Exceeds $75,000.</u>

9. Plaintiff does not quantify his damages, but, based on Plaintiff's allegations, the amount in controversy exceeds $75,000.

10. Plaintiff's allegations against Defendant arise out of Defendant's denial of Plaintiff's business interruption claim under the Policy. Compl. ¶¶ 20-23. Specifically, Plaintiff alleges that he has suffered business interruption losses due to the "Coronavirus [COVID-19] and/or government closures" and that these losses are covered under the Policy. Compl. ¶¶ 16, 23.

11. Plaintiff asserts the following cause of actions: (1) declarations as to the nature and extent of Defendant's liability, and (2) breach of contract. Compl. ¶¶ 28-35. Plaintiff seeks compensatory damages, punitive damages, and attorneys' fees. Compl. at ¶ 26.

12. The amount in controversy for Plaintiff's request for declaratory relief is the "value of the object of the litigation." *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). In this case, the object of the litigation is the value of Plaintiff's claim under the Policy, i.e. the amount of money Hartford would pay to Plaintiff if the claim is covered under the Policy. *Gisele Grocery & Deli v. Hanover Ins. Grp.,* No. CIVA 10-158 (PGS), 2010 WL 1688578, at *1 (D.N.J. Apr. 27, 2010) (amount in controversy satisfied where there was no dispute that the requested declaratory relief, "the amount of coverage under the [insurance] Policy," exceeded the jurisdictional amount).

13. Plaintiff does not allege how much business income he has lost, but Plaintiff does allege that his business has been interrupted since March 9, 2020. Compl. ¶ 16. Plaintiff further

alleges that he will continue to sustain business income losses for the "foreseeable future." Compl. ¶ 18.

14. Plaintiff is an established attorney, and upon information and belief, he regularly brings cases in both state and federal court.[2] Considering the length of time Plaintiff's business has been interrupted and the robust nature of Plaintiff's law practice, it is more than plausible that the value of Plaintiff's business interruption claim exceeds $75,000.

15. The amount in controversy with regard to Plaintiff's breach of contract claim is also the value of the claim under the Policy, or what Hartford would pay to Plaintiff if its business interruption claim was covered under the Policy. *Horn & Hardart Sys., LLC v. Hunter*, No. CIV. A. 04-5117 (JBS), 2005 WL 1522266, at *2 (D.N.J. June 27, 2005).

16. Thus, the amount in controversy plausibly exceeds $75,0000. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014) (defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and does not need to contain evidentiary submissions); *see also Grace v. T.G.I. Fridays, Inc.*, 14-7233, 2015 WL 4523639, at *3 (D.N.J. July 27, 2015) (discussing *Dart*).

**II.     The Requirements of 28 U.S.C. § 1446 Are Satisfied.**

17. This Notice is being filed less than one year after commencement of this action.

---

[2] For example, Plaintiff currently represents a surgeon in an antitrust action against the surgeon's former hospital. *See Alexander v. Hackensack Median Health, et. al*, No. 2:19-CV-18287 (D.N.J) (complaint filed on or about September 24, 2019). Other recent cases in which Plaintiff entered an appearance include: *Puntaseca v. Villon*, No. L-002874-16 (N.J. Super. Ct.) (complaint filed on or around April 7, 2016); *Scanlon v. BJ's Wholesale Club Inc.*, No. L-001605-16 (N.J. Super. Ct.) (complaint filed on or around Feb. 24, 2016); *Rubio v. Banner Life Insurance Co.*, 2:15-CV-03234 (D.N.J.) (complaint filed in state court on or around April 13, 2015 and removed to federal court on May 8, 2015).

18.     Plaintiff first served the summons and Complaint upon the Commissioner of the New Jersey Department of Banking and Insurance, as Hartford's statutory agent for service of process under N.J. Stat. Ann. § 17:32–2(c) on or around May 11, 2020.  *See* Ex. A. at 3.  Hartford received the summons and Complaint from the Commissioner on May 19, 2020 (*see id.* at 1), which is the date of service for purposes of 28 U.S.C. § 1446(b).  *Tucci v. Hartford Fin. Servs. Grp., Inc.*, 600 F. Supp. 2d 630, 631 (D.N.J. 2009) (thirty-day removal clock begins when defendant receives service from a statutory agent, like the New Jersey Commission of Banking and Insurance).   Thus, Hartford timely filed this Notice of Removal within 30 days of served in accordance with 8 U.S.C. § 1446(b).

## Conclusion

WHEREFORE, pursuant to 28 U.S.C. §§ 1441, 1446 and 1332, Defendant hereby removes this matter from the Superior Court of New Jersey, Law Division, Bergen County to the United States District Court for the District of New Jersey.

Dated:  June 12, 2020

    Respectfully submitted,

    STEPTOE & JOHNSON LLP

    By:  /s James L. Brochin
    James L. Brochin
    1114 Avenue of the Americas
    New York, New York 10036
    Phone: (212) 506-3900
    Fax: (212) 506-3950
    jbrochin@steptoe.com

    STEPTOE & JOHNSON LLP
    Sarah D. Gordon (*pro hac vice motion forthcoming*)
    Laura Lane-Steele (*pro hac vice motion forthcoming*)
    1330 Connecticut Avenue NW
    Washington, District of Columbia 20036
    Phone: (202) 429-3000
    Fax: (202) 429-3902
    sgordon@steptoe.com

    *Attorneys for Defendants*